# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANY VONBERGEN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:22-cv-04709-JP ) |
| BPS DIRECT, LLC, | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S MOTION TO TRANSFER TO THE WESTERN DISTRICT OF PENNSYLVANIA, OR ALTERNATIVELY TO STAY THIS ACTION, AND FOR AN EXTENSION OF TIME TO FILE ITS RESPONSIVE PLEADING

SHOOK, HARDY & BACON L.L.P.

Dated: January 18, 2023

By: /s/ *Erin L. Leffler*
Erin (Loucks) Leffler (PA ID No. 204507)
SHOOK, HARDY & BACON L.L.P.
Two Commerce Square
2001 Market St., Suite 3000
Philadelphia, PA 19103
Tel: (215) 278-2555
Fax: (215) 278-2594
eleffler@shb.com

Alfred J. Saikali (*pro hac vice* forthcoming)
Jennifer A. McLoone (*pro hac vice* forthcoming)
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Blvd., Suite 3200
Miami, FL 33131
Tel: (305) 358-5171
Fax: (305) 358-7470
asaikali@shb.com
jmcloone@shb.com

Elisabeth A. Hutchinson (*pro hac vice* forthcoming)
SHOOK, HARDY & BACON L.L.P.
1600 17th St. Suite 450
Denver, CO 80202
Tel: (303) 285-5300
Fax: (303) 285-5301
ehutchinson@shb.com

Anna A. El-Zein (*pro hac vice* forthcoming)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
aelzein@shb.com

*Attorneys for Defendant BPS Direct LLC*

## INTRODUCTION

This matter should not be litigated here. Pennsylvania Wiretapping and Electronic Surveillance Act ("WESCA") litigation against Defendant BPS Direct, LLC began on October 14, 2022, when the matter of *Calvert v. Cabela's L.L.C.*, Case No. 2:22-cv-01460 was filed in the Western District of Pennsylvania. The claims asserted in the *Calvert* action are substantively the same as those asserted here: both plaintiffs allege that they visited cabelas.com, and both allege that when they visited the website, Cabela's or related entity BPS Direct, LLC "intercepted" their alleged "website communications" through third-party session replay providers. Both plaintiffs bring claims under WESCA for those alleged violations, and both plaintiffs seek to represent similar putative classes. Given their relatedness, this action should be transferred to the Western District of Pennsylvania. Under the first-to-file rule, transfer is appropriate because *Calvert* was filed over a month before this action and the cases feature substantially the same parties and subject matter. Alternatively, if the Court declines to transfer this case to the Western District of Pennsylvania, BPS respectfully requests that the Court stay this case pending resolution of the *Calvert* action. BPS also requests that its responsive pleading deadline be extended until 30 days after the Court rules on this motion.

## FACTUAL BACKGROUND

**I.     The Vonbergen Action.**

Vonbergen is a Pennsylvania resident who visited cabelas.com four times in the last year. Compl. ¶ 23. Vonbergen alleges that when she visited the website, BPS used session replay software to "intercept" her "electronic communications" in violation of the WESCA. *Id.* ¶¶ 22–63, 74–87. Vonbergen filed this action on November 23, 2022, in the U.S. District Court for the Eastern District of Pennsylvania. Vonbergen seeks actual and statutory damages on behalf of herself and a putative class of

> [a]ll persons residing within the State of Pennsylvania (1) who visited Defendant's websites and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.

*Id.* ¶ 64, WHEREFORE.

## II. The Calvert Action.

The Calvert action was filed on October 14, 2022, in the Western District of Pennsylvania. Calvert Compl., Case No. 2:22-cv-01460, Dkt. 1. The Calvert Complaint is attached as **Exhibit A**. Like Vonbergen, Plaintiff Brian Calvert alleges that when he visited cabelas.com, BPS supposedly "intercepted" his website communications via session replay software. *Id.* ¶¶ 43–54. Also like Vonbergen, Calvert brought suit under the WESCA and seeks to represent a class of "[a]ll natural persons in Pennsylvania whose Website Communications were captured in Pennsylvania through the use of Session Replay Code embedded in www.cabelas.com." *Id.* ¶ 55.

## ARGUMENT

### I. This Case Should Be Transferred To The Western District of Pennsylvania Under The First-to-File Rule.

The first-to-file rule is well-established in the Third Circuit. Absent "extraordinary circumstances," "cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction [must] be decided by the court where the litigation was first filed." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013) (citing *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988)). This rule is applied to promote the "sound judicial administration and comity among federal courts of equal stature." *Id.* The rule is designed so that "a party who first brings a controversy into a court of competent jurisdiction [is relieved] from vexation of multiple litigations covering the same subject matter." *Id.* (citing *QVC, Inc. v. Patiomats.com, LLC*, No. 12–3168, 2012 WL 3155471, at *3 (E.D. Pa. Aug. 3, 2012)).

Transfer is appropriate under the first-to-file rule. As an initial matter, the parties in *Vonbergen* and *Calvert* are similar. Both plaintiffs used cabelas.com and claim that the defendants' use of session replay software violates state and federal law. The defendants are also related: BPS and Cabela's are owned (either directly or indirectly) by Bass Pro, LLC. *See* Dkt. No. 6; *see also Calvert* Corporate Disclosure Statement, attached as **Exhibit B**. And, as will be borne out in discovery, both BPS and Cabela's use the same session replay software. As a result, *Vonbergen* and *Calvert* share common parties.

The two actions also share the same subject matter. Both plaintiffs bring claims under WESCA, and both plaintiffs seek to represent almost identical classes. *See* Compl. ¶¶ 64, 74–87; Calvert Compl. ¶¶ 55, 64–79. Plaintiffs' claims are based on the same allegations, namely, that BPS's and Cabela's use of session replay software allegedly violates the above state wiretapping law. The fact that the *Calvert* action also asserts a claim for intrusion upon seclusion does not change the analysis, because that claim will involve the same factual and legal issues as plaintiffs' WESCA claims. Indeed, plaintiffs make similar allegations about the session replay software used by BPS and Cabela's, and it is anticipated that the cases will have almost identical discovery, evidence, and witnesses.

Because these two cases involve substantially the same subject matter and parties, and because *Calvert* was filed over a month before this action, BPS's motion to transfer should be granted under the first-to-file rule.[1]

---

[1] There are few exceptions to the first-to-file rule, including "(1) the existence of rare or extraordinary circumstances; (2) the first-filer engaged in inequitable conduct; (3) he acted in bad faith; (4) he engaged in forum shopping; (5) the later-filed action has developed further than the first-filed action; and (6) the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in a less favorable forum." *Synthes*, 978 F. Supp. 2d at 455. None of those exceptions apply here.

3

**II.     Alternatively, This Case Should Be Stayed Pending Resolution Of The *Calvert* Action.**

If this case is not transferred, it should—at the very least—be stayed while the *Calvert* action is litigated. "When deciding a motion to stay proceedings pending the resolution of another action in federal court, courts have considered three factors: (1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." *Cirulli v. Bausch & Lomb, Inc.*, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009) (granting motion to stay pending transfer and consolidation). All of these factor favor issuance of a stay. First, a stay would promote judicial economy because it would limit the waste of judicial resources, prevent potentially inconsistent rulings, and promote the quick and efficient resolution of these claims. Second, plaintiff would not be harmed by a stay, because the core legal and factual issues in this case will continue to be litigated in the *Calvert* action. Third, a stay pending resolution of the *Calvert* action is not excessive in duration. For these reasons, if this case is not transferred, the Court should stay this action pending resolution of the *Calvert* action.

## CONCLUSION

BPS respectfully requests that this Court grant its motion to transfer to the Western District of Pennsylvania. Alternatively, the Court should stay this case while the *Calvert* action is resolved. In either case, BPS requests that its responsive pleading deadline be extended until 30 days after the Court rules on this motion.

                                    SHOOK, HARDY & BACON L.L.P.

Dated: January 18, 2023         By:    /s/ *Erin L. Leffler*

                                    Erin (Loucks) Leffler (PA ID No. 204507)
                                    SHOOK, HARDY & BACON L.L.P.
                                    Two Commerce Square
                                    2001 Market St., Suite 3000
                                    Philadelphia, PA 19103
                                    Tel: (215) 278-2555
                                    Fax: (215) 278-2594
                                    eleffler@shb.com

                                    Alfred J. Saikali (*pro hac vice* forthcoming)
                                    Jennifer A. McLoone (*pro hac vice* forthcoming)
                                    SHOOK, HARDY & BACON L.L.P.
                                    201 South Biscayne Blvd., Suite 3200
                                    Miami, FL 33131
                                    Tel: (305) 358-5171
                                    Fax: (305) 358-7470
                                    asaikali@shb.com
                                    jmcloone@shb.com

                                    Elisabeth A. Hutchinson (*pro hac vice* forthcoming)
                                    SHOOK, HARDY & BACON L.L.P.
                                    1600 17th St. Suite 450
                                    Denver, CO 80202
                                    Tel: (303) 285-5300
                                    Fax: (303) 285-5301
                                    ehutchinson@shb.com

                                    Anna A. El-Zein (*pro hac vice* forthcoming)
                                    SHOOK, HARDY & BACON L.L.P.
                                    2555 Grand Boulevard
                                    Kansas City, MO 64108
                                    Tel: (816) 474-6550
                                    Fax: (816) 421-5547
                                    aelzein@shb.com

                                    *Attorneys for Defendant BPS Direct, LLC*